**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30379 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00243-KI-1 |
| v. | |
| JULIUS XAVIER HEXON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted March 7, 2011[**]
Portland, Oregon

Before: THOMAS, GRABER, and TALLMAN, Circuit Judges.

Julius Xavier Hexon appeals his conviction under 18 U.S.C. § 2251(a), and

his sentences for that conviction and for his convictions under 18 U.S.C. § 2423

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 18 U.S.C. § 2252.  Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.  We affirm.

I

The district court properly concluded that it had subject matter jurisdiction over Hexon's indictment under 18 U.S.C. § 2251(a) for the production of child pornography.  In *United States v. McCalla*, 545 F.3d 750 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 1363 (2009), we held that 18 U.S.C. § 2251 "is not unconstitutional because it criminalizes the production of 'homegrown' child pornography," or pornography produced without a purpose to share or sell it.  545 F.3d at 755 (citing *Gonzales v. Raich*, 545 U.S. 1 (2005)); *see United States v. Ferguson*, 560 F.3d 1060, 1064–65 (9th Cir.) (rejecting a constitutional challenge identical to Hexon's (citing *McCalla*, 545 F.3d at 753–56)), *cert. denied*, 130 S. Ct. 286 (2009).

II

The evidence was sufficient to sustain Hexon's conviction under 18 U.S.C. § 2251(a).  Viewing it in the light most favorable to the prosecution, the evidence "is adequate to allow *any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt."  *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quotation omitted) (alteration in original).  Under any

2

interpretation of the statute, the government made an ample showing that Hexon "employ[ed]" and "use[d]" KAR "to engage in . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). The government put forward evidence showing Hexon instructing KAR to perform sexually explicit acts on film. *See* **SER at 544–45; PSR at 5; Red at 33–34**.

Furthermore, § 2251 is part of a "comprehensive statutory scheme to eradicate sexual exploitation of children," *United States v. Thomas*, 893 F.2d 1066, 1068 (9th Cir. 1990), and "must be interpreted in accord with the statute's broad and general purpose of facilitating the prosecution of individuals who are involved with child pornography," *United States v. Mohrbacher*, 182 F.3d 1041, 1049 (9th Cir. 1999).

Finally, our precedent squarely holds that there is no requirement under § 2251(a) that the child pornography Hexon created be professionally produced or distributed to the public. *See McCalla*, 545 F.3d at 755; *United States v. Smith*, 795 F.2d 841, 845 (9th Cir. 1986) (§ 2251 does not require "that the defendant's ultimate goal be distribution of the visual depiction"); *see also United States v. Griffith*, 284 F.3d 338, 347 (2d. Cir. 2002) (§ 2251 "does not require that a defendant produce the sexually explicit depiction for commercial gain");

3

III

The district court did not abuse its discretion when it denied Hexon's motion for a mistrial. The prosecutor's question was relevant to establish the ease with which Hexon could follow through on his threat to email sexually explicit pictures of KAR to her grandparents. KAR had also testified that Hexon had the password to her MySpace page and had altered its contents, including by adding photographs. *See* **SER at 178.** Because "[n]othing in the [prosecutor's question] . . . can be construed to reflect an intention by the prosecutor to mislead the jury," it was not improper. *United States v. Etsitty*, 130 F.3d 420, 424 (9th Cir. 1997) (per curiam).

IV

The district court neither abused its discretion nor violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), when it applied a sentencing enhancement for producing depictions of sadistic conduct. The district court was within its discretion to conclude that videos depicting Hexon, an adult man, engaging in anal intercourse with KAR, a female teenager evincing pain, "portray[] sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(4). *See, e.g.*, *United States v. Rearden*, 349 F.3d 608, 612, 615 (9th Cir. 2003).

4

Hexon's *Apprendi* claim fails. Each of Hexon's convictions under 18 U.S.C. § 2251(a) carries a statutory maximum of thirty years' imprisonment. *Id.* § 2251(e). Nothing in the court's application of the U.S.S.G. § 2G2.1(b)(4) enhancement "exposed [Hexon] to a greater statutory maximum punishment than that." *United States v. Banuelos*, 322 F.3d 700, 705 (9th Cir. 2003). Furthermore, for his convictions on those counts, Hexon was sentenced to twenty years' imprisonment. **SER at 62, 65.** "We have held repeatedly that a defendant cannot obtain relief under *Apprendi* when his sentence does not exceed the statutory maximum authorized by the jury's verdict . . . ." *United States v. Saya*, 247 F.3d 929, 942 (9th Cir. 2001) (collecting cases).

**AFFIRMED.**